**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Philip Wruck,

      Petitioner,

v.

Warden Timothy Wengler,

      Respondent.

Civ. No. 09-1973 (MJD/JJK)

**REPORT AND
RECOMMENDATION**

---

Philip Wruck, #222895, 1101 Linden Lane, Faribault, MN 55021, *pro se.*

Megan E. Burkhammer, Esq., Douglas County Attorney's Office, counsel for Defendant.

---

JEFFREY J. KEYES, United States Magistrate

This matter is before the undersigned United States Magistrate Judge on Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1), and Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 12). The case has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Respondent's motion be granted and the Petition for Writ of Habeas Corpus be dismissed.

## BACKGROUND

### I. Procedural History

In June 2007, Petitioner was convicted in Douglas County District Court of First Degree Controlled Substance Crime in violation of Minn. Stat. § 152.02,

subd. 2(1), (i.e. possession of over 25 grams of methamphetamine). He was sentenced under Minnesota law to a 158-month prison term, applying the presumptive sentence for a severity-level-9 offense and Petitioner's criminal-history score of 7. He is currently serving his sentence in Prairie Correctional Facility in Appleton, Minnesota.

Petitioner's conviction arose from the fact that he was found to have illegal drugs in his possession on January 1, 2007, after he was stopped by a Minnesota State Patrol officer when traveling on Highway 94 in Douglas County, Minnesota. Petitioner did not contest the fact that he had the illegal drugs in his possession, but argued to the district court that the contraband evidence, which had been discovered during a search of Petitioner's vehicle after the traffic stop, must be suppressed because the state patrol officer failed to state a valid basis for stopping the vehicle. A contested omnibus hearing was held in Douglas Country District Court on March 23, 2007, with Honorable David R. Battey presiding. On April 6, 2007, the district court issued an order denying Petitioner's motion to suppress, and Petitioner subsequently pled guilty to the illegal-drug-possession crime. Thereafter, Petitioner requested to withdraw his guilty plea. On June 27, 2007, the district court granted Petitioner's request and the matter was submitted on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980). The district court then, without a jury, found the Petitioner

guilty and sentenced him to the prison term that Petitioner is now serving.

Petitioner appealed his conviction to the Minnesota Court of Appeals, which affirmed on January 6, 2009. *See State v. Wruck*, No. A07-1834, 2009 WL 21604, at *3 (Minn. Ct. App. Jan. 6, 2009). Petitioner then petitioned the Minnesota Supreme Court for review. The Supreme Court denied further review on March 31, 2009. Petitioner did not seek further review with the United States Supreme Court.

On July 29, 2009, Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The Petition includes four claims as grounds for relief described as follows: (1) "Ineffective Council" (sic); (2) "Inconsistent testimony"; (3) "Credibility"; and (4) "Evidence." (*Id.*) Respondent has moved to dismiss the Petition (Doc. No. 12), and Petitioner has submitted a response to that motion. (Doc. No. 16.)

## II.    Factual Background[1]

On January 1, 2007, Minnesota State Patrol Corporal Richard Homan was parked in a highway crossover monitoring traffic on Interstate Highway 94 in Douglas County. Homan noticed a westbound vehicle travel past him with dark tinted windows and he believed that the tint was darker than allowed under Minnesota law. Homan pulled out, followed the vehicle, and upon stopping it,

---

[1]    The following rendition of facts is drawn from the Minnesota Court of Appeals opinion in this matter, *State of Minnesota v. Wruck*, No. A07-1834, 2009

3

stated into his automatically-activated body microphone that he stopped the vehicle because of the window tint and because of a suspended object hanging off the windshield.

Homan identified the driver as Petitioner and, because Petitioner's driver's license was suspended, he was arrested and his car was impounded. Methamphetamine was discovered during an inventory search of Petitioner's car. After he was charged with the above-mentioned crime, Petitioner moved to suppress the methamphetamine discovered during the search of the car.

At the omnibus hearing, Petitioner argued that the stop of his vehicle was unlawful because: (1) the traffic stop was not based on the fact that an object was suspended from the windshield, but rather occurred as a result of the windshield tint; and (2) the window tint on the vehicle complied with North Dakota law, the vehicle's state of registration, and the stop was made out of the patrol officer's mistaken belief that the window tint violated Minnesota law.

Officer Homan testified at the omnibus hearing that he did not recall whether he saw the suspended object (a radar detector device) when the vehicle initially went by, or when he pulled in behind Petitioner's vehicle during the stop. He did know, however, that he dictated into his body microphone prior to going up to the car that the reasons for the stop included both the window tint and the

WL 2604 (Minn. Ct. App. Jan. 6, 2009).

4

suspended object.  Homan also testified that he had a good view of Petitioner's

car windshield as the car went by him on the highway.

The district court ultimately denied Petitioner's suppression motion.  It

found that Officer Homan had a reasonable and articulable suspicion that

Defendant was violating the traffic laws.  (*See* Doc. No. 12, Attach. 3 at 21 of 53

("Homan stopped Defendant to investigate a suspended object on Defendant's

windshield and Defendant's window tint.  Defendant had an object suspended

from his windshield – a radar detector – in violation of Minnesota Statute

§ 169.71 subd. 1(a)(2).  That alone makes the traffic stop legal.").)  The district

court also found that "Homan had the right to stop Defendant's vehicle because

of the window tint.  Homan did not realize that Defendant's vehicle was

registered in North Dakota until Homan had Defendant's vehicle stopped.  Even

then, Homan was under the impression that North Dakota statutes also ban

window tint."  (*Id.*)

On appeal, the Minnesota Court of Appeals upheld the district court's

decision to deny Petitioner's suppression motion.  The court noted that when

reviewing pretrial orders on motions to suppress evidence, the appellate court

"accept[s] the district court's underlying factual determinations bearing on a

motion to suppress on Fourth Amendment grounds unless they are clearly

erroneous."  *Wruck*, 2009 WL 21604 at *1.  On appeal, Petitioner did not dispute

the fact that the suspended object (the radar detector) violated Minn. Stat.

§ 169.71, subd. 1(a)(2).  Rather, Petitioner challenged the district court's finding

that as Petitioner's vehicle passed Officer Homan's patrol car on the highway,

"Homan noticed that [Petitioner's] vehicle had . . . an object suspended from his

windshield."  *Id.* at *2 (quotations omitted).  The Minnesota Court of Appeals,

however, concluded that the district court's finding that Homan saw the

suspended object before stopping Petitioner's car was supported by reasonable

evidence and was not clearly erroneous.  *Id.*  Because it concluded that the

suspended object was a sufficient basis for the traffic stop, the court did not

address Petitioner's argument that the window tint was not a sufficient basis for

the stop because the tint was legal in the state where the car was registered.  *Id.*

at *3.

In his Petition for Review to the Minnesota Supreme Court, Petitioner

raised only one issue—whether it was clearly erroneous for the district court to

make a finding that Officer Homan saw the object prior to making the traffic stop,

and for the Minnesota Court of Appeals to rely on that finding in affirming the

district court's decision to deny Petitioner's suppression motion.  Petitioner raised

no constitutional or federal-law issue in his Petition for Review.  The Minnesota

Supreme Court denied the Petition on March 31, 2009.

Petitioner's Petition for habeas review before this Court, which was filed

July 29, 2009, sets forth four grounds for relief.  In Ground One, described as

"Ineffective Council" (sic), Petitioner states the following: "I wrote my state public

defender to get copy of original video and DVD used in court. Also dispatch

records." (Doc. No. 1 at 4.) As best this Court can determine, this claim appears

to be based on the fact that Petitioner wrote to his counsel, the Office of the State

Public Defender, while this case was on appeal and asked the Public Defenders

Office to provide a copy of the dispatch transcripts, including video and audio

recordings, from the traffic stop, which Petitioner wanted to use on appeal to

establish that the state trooper was not truthful during the omnibus hearing.

Grounds Two through Four of the Petition each contests the truthfulness of

Officer Homan's testimony at the omnibus hearing. In Ground Two, Petitioner

asserts that Officer Homan's testimony was "[i]nconsistent." (Doc. No. 1 at 4.)

Petitioner states that "State Trooper Homan (an 18 year veteran) could not

specify when he spotted the suspended object. When asked the state's attorney

Mr. Paschka vouches for trooper's good faith." (*Id.*) In Ground Three, Petitioner

asserts that Officer Homan was not credible. Specifically, Petitioner states that

"18 year veteran Trooper Homan testifies he did not notice the plates on my car

were from North Dakota until I was stopped. If he called in plates prior to stop his

testimony would be false. Trooper can see my radar detector 1" x 2" x 3" at 70

mph appx 102 feet/sec but not a 6" x 12" on front and rear." (*Id.* at 5.) In Ground

Four, Petitioner contests the reliability of the evidence at the omnibus hearing.

Specifically, Petitioner states the following: "Trooper did not put video in his

report.  He even testifies he neglected to put video in his report.  No record of

video from Jan. 1, 2007 until March 22, 2007 day before contested hearing."  (*Id.*)

## DISCUSSION

### I.    Standard of Review

Petitioner has the difficult task of showing that he is entitled to habeas

relief under the standards of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA").  Section 2254 of the AEDPA provides that a district court will

entertain a petition for a writ of habeas corpus submitted by a person in custody

pursuant to a state court judgment "only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  Section 2254 further provides that a habeas corpus petition:

> shall not be granted with respect to any claim that was adjudicated
> on the merits in State court proceedings unless the adjudication of
> the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State Court proceeding.

28 U.S.C. § 2254(d).

### II.    Grounds Two through Four of the Petition

Grounds Two through Four of the Petition do not set forth a particular

constitutional claim.  Rather, they each contest the finding of the district court at the omnibus hearing that the traffic stop that led to the discovery of the illegal drugs was lawful and the resulting conclusion that the contraband evidence should not be excluded at trial.  In Grounds Two through Four, Petitioner argues that the police officer's testimony about his reason for the traffic stop was inconsistent, lacked credibility, and was contradicted by a video record of the stop.  Providing a liberal construction to the *pro se* Petition, this Court construes Grounds Two through Four to be asserting that Petitioner's conviction was obtained by the use of evidence gained pursuant to an unlawful arrest in violation of the Fourth Amendment.  The illegal drugs were, arguably, the "fruit of the poisonous tree," and should not have been used as a basis for a conviction because the exclusionary rule, which applies to the states, bars the use of such evidence obtained in violation of Petitioner's Fourth Amendment rights.

The problem with this constitutional claim is that a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained as a result of a Fourth Amendment violation was not excluded at trial if the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone v. Powell*, the Supreme Court noted that a defendant has no individual constitutional right to the application of the exclusionary rule, and that the Court has adopted and applied the exclusionary rule at trial as a prophylactic

9

measure to deter police misconduct violating a person's right to be free of unlawful arrest and unreasonable search and seizure.  However, the Court also acknowledged that there is significant cost in applying the exclusionary rule at trial and on direct review.  The Court stated:

> [T]he focus of the trial, and the attention of the participants therein, are diverted from the ultimate question of guilt or innocence that should be the central concern in a criminal proceeding.  Moreover, the physical evidence sought to be excluded is typically reliable and often the most probative information bearing on the guilt or innocence of the defendant.

*Stone*, 422 U.S. at 489-90.  The Supreme Court concluded that the marginal utility of applying the enforcement of the exclusionary rule in federal habeas "would be outweighed by the acknowledged costs to other values vital to a rational system of criminal justice."  *Id.* at 494.  Thus, the Court concluded that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner, like Petitioner, may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Here, to show that he was not afforded an opportunity for full and fair litigation of his Fourth Amendment claim, Petitioner would have to show that the State "provided no corrective procedures at all to address the alleged Fourth Amendment violation" or that the State "provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable

10

breakdown in the underlying process." *Willett v. Lockhart*, 37 F.3d 1265, 1271-72 (8th Cir. 1994) (en banc) (adopting test set forth in *Capellan v. Riley*, 975 F.2d 67, 71 (2d Cir. 1992)) (quotations omitted and emphasis removed); *see also Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005). The focus in federal habeas is on whether Petitioner received an opportunity for full and fair litigation of his claim, not on whether legal or factual error occurred. *See Willett*, 37 F.3d at 1270. "[M]ere disagreement with the outcome of a state court ruling is not an equivalent of an unconscionable breakdown in the state's corrective process." *Capellan*, 975 F.2d at 72.

Petitioner had a full and fair opportunity to litigate his Fourth Amendment exclusionary-rule claim in this case, starting with the omnibus hearing at the district court level. This omnibus hearing and the fact findings derived from it were sufficient to enable the appellate court to consider the Fourth Amendment claim fully and fairly on appeal, and the Minnesota Court of Appeals did so, addressing all of the essential components of the Fourth Amendment claim. Thus, Petitioner's Fourth Amendment claim that the contraband evidence should have been suppressed is not cognizable in federal habeas. *See Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) (finding that review of the Fourth Amendment claim in federal habeas was barred because the petitioner had a full and fair opportunity to litigate the claim in state court).

**III.     Ground One of the Petition – Ineffective Assistance of Counsel**

As noted above, this Court construes Ground One of the Petition as

claiming that Petitioner's constitutional right to effective assistance of counsel

under the Sixth Amendment was violated.  Petitioner asserts that the state public

defender who was representing Petitioner in the appeals process did not provide

Petitioner with a copy of the dispatch transcripts and audio/video recordings of

the traffic stop when Petitioner requested those items in March 2008, and again

in January 2009.  Apparently, Petitioner wanted to use these transcripts and

recordings "to establish that the trooper lied in [Petitioner's] case."  (Doc. No. 1,

Attach. 1 at 3 of 6.)  In a letter dated March 3, 2008, the Assistant State Public

Defender, Richard Schmitz, told Petitioner that the dispatch transcripts were not

in the district court file and that there was not a copy of the "tape" in the public

defender's file.  Schmitz then explained the following:

> On appeal, the record is limited to what is in the district court file on
> the transcripts.  An appeal is not an evidentiary hearing where new
> evidence is submitted.  You have to argue based on what was
> submitted to the district court at your suppression hearing.

(*Id.* at 2 of 6.)  In a letter dated January 14, 2009, Schmitz further explained that

he "[did] not have the material that [Petitioner] requested."  (*Id.* at 3 of 6.)  He

also advised the following: "[T]here is no way for us to introduce the evidence

into the record at this point in the proceeding."  (*Id.*)

The problem with Petitioner's ineffective-assistance-of-appellate-counsel

claim is that it was not exhausted in state court. Federal courts acknowledge that states should have the first opportunity to address alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1981). In Minnesota, a claim of ineffective assistance of appellate counsel may theoretically be raised in a petition for post-conviction relief under Minn. Stat. § 590.01 in state court. *See Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006) (clarifying that a claim of ineffective assistance of appellate counsel need not be raised in the appeal where counsel is representing a defendant, but instead may be raised in the next post-conviction petition). As a result, Petitioner is barred from seeking federal review in habeas of his ineffective-assistance-of-appellate-counsel claim asserted in Ground One. *See Hall v. Delo*, 41 F.3d 1248, 1249 (8th Cir. 1994) ("Federal habeas corpus review is barred when a federal claim has not been fairly presented to the state court for a determination on the merits") (quotations omitted). Accordingly, that claim should be dismissed.[2]

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

    1.    Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus

---

[2]     In his reply to Respondent's motion to dismiss, Petitioner raises, for the first time, the alleged ineffectiveness of his *trial* counsel. However, Petitioner made no motion to amend to add this new ground to the Petition and it is therefore not before the Court. In any event, it appears from the record that this

(Doc. No. 12), be **GRANTED**;

    2.    The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254

(Doc. No. 1), be **DENIED**; and

    3.    This action be **DISMISSED WITH PREJUDICE**.


Date:  December 8, 2009

                                            _s/ Jeffrey J. Keyes_
                                            JEFFREY J. KEYES
                                            United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 22, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

issue was also not exhausted in state court.